[No. 19695. Department Two. March 22, 1926.]

N. T. ESHBAUGH *et al., Respondents,* v. LYTLE S. ADAMS *et al., Appellants.*[1]

[1] APPEAL (37)—REVIEW—MATTERS NOT RAISED IN LOWER COURT. An obvious inadvertent mistake in a reply in using the word "admit" when "deny" was intended, not called to the attention of the court at the trial, cannot on appeal be made the basis of a claim for judgment on the pleadings, in the absence of any such motion below.

[2] APPEAL (301)—RECORD—STATEMENT OF FACTS—NECESSITY. After trial on the merits, a reversal cannot be asked on the ground of admissions in the reply, entitling defendants to judgment on the pleadings, in the absence of any statement of facts or findings, since the decree will be presumed to conform to the facts proven.

Appeal from a judgment of the superior court for Cowlitz county, Kirby, J., entered April 18, 1925, in favor of the plaintiffs, in an action to quiet title, tried on the merits to the court. Affirmed.

*E. D. Germain* and *B. Van Moss,* for appellants.

*W. H. Sibbald,* for respondents.

MACKINTOSH, J.—The respondents' action was begun to quiet title to lands situated in Cowlitz county. To

[1]Reported in 244 Pac. 397.

the complaint the appellants made answer and set up a cross-complaint and counterclaim, in which they alleged that they had some interest in the property by reason of an arrangement made between them and the respondents, looking to the acquisition of the property and its improvement, subdivision and sale, and prayed for a money judgment against the respondents for the expenditures which the appellants claimed to have made on the property, for damages for loss of profits in the venture, and for a decree quieting title to a portion of the lands in the appellants. To this affirmative matter, the respondents answered in a reply, which contains the following:

"Admit each and every allegation in said counterclaim contained except that these plaintiffs admit that said defendant Lytle S. Adams was to act as agent of these plaintiffs under the contract set forth as Exhibit A in said defendant's counterclaim and alleges that said defendants have unlawfully withheld funds which should have been turned over to these plaintiffs and deny that the defendants put into said transaction any of their private funds whatsoever and especially denies that said defendants have any right, title or interest in or to said lands or that they have been damaged in any manner whatsoever."

From a decree quieting title in the respondents, this appeal has been taken. The action having been tried as a suit in equity, no findings of fact nor conclusions of law were made, and there is in the record no statement of facts. The right to a reversal is predicated upon the claim that, under the pleadings, the appellants were entitled to a judgment, although there is nothing in the record before us which shows that a judgment on the pleadings was ever asked in the trial court.

[1] It is the contention of the appellants that, the quoted portion of the reply having admitted every allegation in the counterclaim, there remains no con-

troversy, and that the appellants are entitled to what they asked for in their affirmative answer. The errors in this contention are apparent when an examination is made of the record. The use of the word "admit," in the first line of the quoted portion of the reply, is an apparent mistake and inadvertence, for it clearly appears from the entire quoted portion that the pleader intended to use the word "deny." Had the attention of the respondents been called to this in the trial court, permission would, of course, have been granted to have corrected the mistake, and it will not do now to reverse the judgment on such a ground.

[2] Moreover, there being no statement of facts in aid of the trial court's decree and judgment, this court must presume that on the trial something was done or occurred that corrected this mistake, and there is certainly no reason for now granting what is, in effect, a motion for judgment on the pleadings.

There being no statement of facts and no findings of fact nor conclusions of law, the irrebuttable presumption is that the decree is in conformity with the facts as developed at the trial, and the judgment and decree is therefore affirmed.

TOLMAN, C. J., MITCHELL, MAIN, and PARKER, JJ., concur.